James L. Martin, ISB No. 4226
Rebecca A. Rainey, ISB No. 7525
MOFFATT, THOMAS, BARRETT, ROCK &
 FIELDS, CHARTERED
101 South Capitol Boulevard, 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
jlm@moffatt.com
rar@moffatt.com
24763.0000

Attorneys for Defendant
Franklin American Mortgage Company

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT HATVANI,<br><br>               Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; HOME MORTGAGE RESOURCES, INC.; FRANKLIN AMERICAN MORTGAGE COMPANY; GINNIE MAE; and MERS INC.,<br><br>               Defendants. | Case No. 1:10-cv-00511-LMB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT FRANKLIN AMERICAN MORTGAGE COMPANY** |

COMES NOW Defendant Franklin American Mortgage Company ("Franklin"), by and through undersigned counsel of record, and hereby files this Memorandum in Support of Motion to Dismiss Defendant Franklin American Mortgage Company.

## I. INTRODUCTION

Dismissal of the present action against Franklin is appropriate because plaintiff has not and cannot allege any set of facts which, if true, would state a cause of action against Franklin. Reading plaintiff's complaint, it is immediately obvious that no specific allegations of wrongdoing are levied against Franklin. There is no allegation that Franklin currently holds any interest in the note secured by the deed of trust on plaintiff's property, nor is there any allegation that Franklin acted improperly with respect to the foreclosure proceedings currently pending against plaintiff's property. The reason that these facts do not appear on the face of the complaint, as well as the reason that any amendment to the complaint would be futile, is that Franklin does not hold any interest in the note or the deed of trust that form the basis of plaintiff's complaint. Indeed, Franklin was the holder of the note for exactly one month: from December 16, 2008 to January 16, 2009, at which time the note was assigned, without recourse, to Wells Fargo Bank, NA ("Wells Fargo"). Plaintiff has not alleged, and will not be able to establish, that Franklin has had any legal relationship with respect to the note since it was assigned to Wells Fargo nearly two years ago.

## II. BACKGROUND

It is not entirely clear from plaintiff's complaint what causes of action he is attempting to bring against the various defendants. Construing the complaint in the light most favorable to the plaintiff, it appears that he is alleging a violation of 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act as well as wrongful foreclosure on the grounds that the foreclosing party lacks standing to foreclose. *See* Civil Complaint, p. 2. Significantly, plaintiff has failed to attribute any allegedly wrongful conduct to a specific defendant. Notwithstanding the lack of specificity in plaintiff's complaint, the mere fact that Franklin does not hold the note

and did not take any actions to foreclose on the deed of trust securing said note conclusively establishes that plaintiff cannot establish either cause of action against Franklin.

### III.  STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157 (Fed. Cir. 1993). Dismissal on the face of a complaint is proper if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) (upholding judgment on the pleadings when complaint failed to state claim upon which relief could be granted); *see also Campbell v. City of San Antonio*, 43 F.2d 973, 975 (5th Cir. 1995); 2A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE: CIVIL ¶ 12.07 (1994) ("Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."). Dismissal under Rule 12(b)(6) is also appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint. *Kansa Reinsurance Co. v. Cong. Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994). Finally, dismissal under Rule 12(b)(6) is appropriate where the plaintiff fails to attribute wrongful conduct to a specific defendant. *See Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 744 (Md. 2008) ("The Court cannot permit Plaintiffs to go forward on a claim based on factual allegations in which basic questions of who did what are completely unclear."). Dismissal is appropriate here because no specific factual allegations have been directed at Franklin, plaintiff's claims are fatally flawed, destined to fail, and no relief could be granted against Franklin under any set of facts.

## IV.   ARGUMENT

### A.   Plaintiff Has Failed to State a Claim Against Franklin for Wrongful Foreclosure.

Plaintiff's complaint for wrongful foreclosure appears to allege that defendants lack standing to foreclose (Civil Complaint at 2) because: (i) defendants have suffered no injury due to the means in which banks "create money without cost" (Civil Complaint at 3); and (ii) because defendants are "strangers to the transaction" (Civil Complaint at 3).

Notwithstanding the merits of the legal theory pursuant to which plaintiff brings the present action, there can be no cause of action against Franklin for wrongful foreclosure due to the simple fact that Franklin has not attempted to foreclose. Attached as Exhibit A to the Affidavit of James L. Martin ("Martin Aff."), submitted herewith, is a certified copy of the Notice of Default regarding plaintiff's failure to pay the note in accordance with its terms. Such Notice of Default identifies "Wells Fargo Bank, NA" as the "Current Beneficiary" of beneficial interest in the deed of trust. *See* Martin Aff., Ex. A. The Notice of Default further states that the current beneficiary (i.e., Wells Fargo Bank, NA) "elects to sell the property to satisfy the obligation." *See* Martin Aff., Ex. A. The Notice of Default contains no reference to Franklin and no indication that Franklin has taken any action respecting the non-judicial foreclosure of plaintiff's property. Because Franklin is not identified in the Notice of Default as having any interest in the obligations secured by the deed of trust that is the subject of the mortgage and, further, because Franklin is not identified in the Notice of Default as having taken any action causing the foreclosure of plaintiff's property to occur, plaintiff simply cannot state a claim for wrongful foreclosure against Franklin. For these reasons, Franklin respectfully requests that this

Court enter an order dismissing plaintiff's wrongful foreclosure claims against Franklin with prejudice.

      **B.**    **Plaintiff Has Failed to State a Claim Against Franklin for Violations of 15 U.S.C. § 1962e.**

Plaintiff's complaint alleges that jurisdiction in this Court is found pursuant to 15 U.S.C. § 1962e. Plaintiff then goes on to identify the violations found in subsection 1962e(2)(A) respecting "the false representation of the character, amount, or legal status of any debt." With respect to any action brought pursuant to the Fair Debt Collection Practices Act, the plaintiff must prove, as a threshold matter, that the alleged wrongdoer is a "debt collector," as that term is defined within the statute.

The term "debt collector" is defined at 15 U.S.C. § 1692a(6), which provides as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or debts owed or due or asserted to be owed or due another.

It is well settled that the definition of "debt collector" excludes creditors collecting their own debt. *See, e.g., Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) ("the legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors . . . .") (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiff's complaint does not allege that Franklin is a debt collector. Indeed, plaintiff's complaint does not allege that any defendant was attempting to collect the debts of another. To the contrary, plaintiff's complaint (if read in the light most favorable to the plaintiff) suggests that defendants (without specifying which defendant) tricked and/or fraudulently

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**DEFENDANT FRANKLIN AMERICAN MORTGAGE COMPANY - 5**     Client:1865271.1

induced plaintiff into incurring the debt by describing it as in "investment" and not a "mortgage." *See* Civil Complaint at 4. By this allegation, plaintiff admits that the existent debt is between himself and one of the defendants and/or that he disputes the existence of the debt. In either case, the allegations bar the application of the Fair Debt Collection Practices Act because there is no allegation that any of the defendants—including Franklin—are attempting to collect debts on behalf of another.

Because plaintiff has affirmatively pled facts which, if true, prohibit the application of 15 U.S.C. § 1692e, Franklin is entitled to entry of an order dismissing, with prejudice, the claims plaintiff has brought against it for violations of the Fair Debt Collection Practices Act.

### C. Amendment of the Complaint Would Be Futile.

Though Federal Rule of Civil Procedure 15(a) allows a party to amend its complaint once, as a matter of right, before a responsive pleading is due, where the court finds that such amendment would be futile, it may deny leave to amend the complaint. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988). If the court "determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" then it is proper to deny leave to amend. *Schreiber Distrib. v. Serv-Well Furniture*, 806 F.2d 1393, 1401 (9th Cir. 1986).

In this matter, plaintiff has affirmatively alleged that defendant(s) (or one of them) deceived him into incurring the debt associated with his mortgage (deed of trust). That factual allegation, in and of itself, conclusively establishes that defendants(s) (or any of them), cannot be "debt collectors" as that term is defined within the Fair Debt Collection Practices Act. Because plaintiff cannot plead any facts that are consistent with the allegations already made,

amendment of the complaint with respect to violations of the Fair Debt Collection Practices Act would be futile, and should not be allowed.

With respect to the wrongful foreclosure claims, Franklin admits that it lacks standing to foreclose because Franklin admits that it holds no interest in the note that is secured by the deed of trust. Franklin's defense to this claim is that it took no action to foreclose the deed of trust at issue. This fact is conclusively established by the Notice of Default, attached to the Martin Affidavit as Exhibit A, which clearly shows that the foreclosing party was Wells Fargo. Because Franklin admits that it does not have standing to foreclose, disclaims any interest in the note secured by the deed of trust that is being foreclosed, and took no action respecting the foreclosure, plaintiff simply cannot allege any facts that support his claim for wrongful foreclosure as against Franklin.

## V. CONCLUSION

For the foregoing reasons, Franklin respectfully requests that this Court enter an order, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing all causes of action brought by plaintiff against Franklin for failure to state a claim upon which relief can be granted. Franklin further requests that this Court find that amendment of the complaint would be futile and deny plaintiff's request, if any, for leave to amend such complaint.

DATED this 14th day of December, 2010.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By /s/ Rebecca A. Rainey
Rebecca A. Rainey – Of the Firm
Attorneys for Defendant Franklin
American Mortgage Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of December, 2010, I filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT FRANKLIN AMERICAN MORTGAGE COMPANY** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kenneth C. Howell**
khowell@hawleytroxell.com

AND, I FURTHER CERTIFY that on such date I served the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS DEFENDANT FRANKLIN AMERICAN MORTGAGE COMPANY** on the following non-CM/ECF Registered Participants in the manner indicated:

Robert Hatvani
4674 W. Big Creek St.
Meridian, ID 83642

[X] U.S. Mail, Postage Prepaid
( ) Hand Delivered
( ) Overnight Mail
( ) Facsimile

_____
Rebecca A. Rainey

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**DEFENDANT FRANKLIN AMERICAN MORTGAGE COMPANY - 8**

Client:1865271.1